IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA CHRISTIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-00171 |
| | ) Judge Aleta A. Trauger |
| INGRAM BARGE COMPANY, LLC, | ) |
| d/b/a INGRAM BARGE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

Before the court is the Motion for Partial Dismissal (Doc. No. 22) filed by defendant Ingram Barge Company, LLC d/b/a Ingram Barge Company ("Ingram"), seeking dismissal of the Jones Act and general maritime claims set forth in plaintiff Teresa Christie's First Amended Complaint ("FAC") (Doc. No. 21). For the reasons set forth herein, the motion will be denied.

**I. BACKGROUND**

The FAC details sexual harassment and discrimination the plaintiff allegedly experienced while working as a cook on river vessels operated by Ingram from April 2018 until her termination in July 2020. Based on these allegations, the plaintiff asserts Title VII claims for sexual harassment and hostile work environment (Count I), sex discrimination (Count II), *quid pro quo* sexual harassment (Count III), and retaliation (Count IV). In addition, the plaintiff also states claims under the Jones Act for negligence (Count V), intentional infliction of emotional distress (Count VI), negligent hiring, retention, and/or supervision (Count VII), and assault and battery (Count VIII), as well as a claim for breach of warranty of seaworthiness, arising largely from the same "continuous harassment, retaliation, assaults and batteries" underlying the Title VII claims. (Doc.

No. 21 ¶ 169; *see also id.* ¶¶ 160 ("Plaintiff was constantly harassed, belittled, intimidated, and targeted by the Defendant's crew, including its Captain. As set forth herein, the harassment included sexual harassment, assault, and battery."), 164, 168, 174.) Many of the alleged acts by the plaintiff's co-workers in support of the Title VII sexual harassment claim, however, would also apparently support common law claims for assault and battery, including allegations that co-workers physically threatened the plaintiff, placing her in imminent fear of bodily injury (*see, e.g.*, *id.* ¶¶ 30, 85, 89, 93, 118), sexually assaulted her (*id.* ¶ 51), and intentionally attempted to infect her with COVID-19 by coughing directly into her face (*id.* ¶ 116). One of her co-workers sneaked into her private bedroom without her permission, while she was sleeping, and wrote "trust me, I will kill you" on her bathroom mirror. (*Id.* ¶ 41.) The same individual wrote "R.I.P." above a cross on the galley window, where the plaintiff would find it. (*Id.* ¶ 43.) The co-worker who engaged in physically threatening conduct, and who the plaintiff surmises wrote these messages, also threatened her on numerous occasions, repeatedly saying such things as "All I have to do is give you one little push out the galley door, and – oops – there goes your body. They'll never find you." (*Id.* ¶ 44.)

Ingram seeks dismissal of the Jones Act claims on the basis that they are effectively subsumed by Title VII, citing *Griggs v. National Railroad Passenger Corporation*, 900 F.2d 74 (6th Cir. 1990), and cases construing it. Ingram also contends that the unseaworthiness claim must be dismissed, because "damages not compensable under the Jones Act [are] likewise not compensable under a theory of unseaworthiness." (Doc. No. 22-1, at 9 (quoting *Billingsley v. Alberici Constructors, Inc.*, No. 5:13-CV-00084-TBR, 2014 WL 1248019, at *3 (W.D. Ky. Mar. 25, 2014), and citing *Szymanski v. Columbia Transp. Co.*, 154 F.3d 591, 596 (6th Cir. 1998)).)

The plaintiff argues in response that her claims for assault and battery are torts actionable under both the Jones Act and the general maritime doctrine of unseaworthiness, regardless of what motivated the commission of these torts. She argues that she alleges the necessary elements to support Ingram's liability under both the Jones Act and the doctrine of seaworthiness. (Doc. No. 27.) Ingram's Reply reiterates that, under *Griggs*, Title VII provides the "*exclusive* remedial scheme for claims of sexual harassment and sex discrimination brought under the Jones Act." (Doc. No. 30, at 1.) It argues that, irrespective of whether the plaintiff's allegations might support common law torts for assault, battery, and intentional infliction of emotional distress—a point Ingram does not contest—the claims nonetheless "fall within the confines of Title VII" and are therefore pre-empted. (*Id.* at 1–2 (quoting *Griggs*, 900 F.2d at 75).) Ingram further argues that the plaintiff should not be permitted to "twist" the Sixth Circuit's interpretation of the Jones Act "to allow a second recovery for the same alleged conduct protected by Title VII." (*Id.* at 4.)

## II. LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

### III.    ANALYSIS

The question here, simply, is whether the FAC states colorable claims under the Jones Act and the maritime doctrine of seaworthiness. In *Griggs*, the plaintiff was a black female employed by Amtrak who brought an action under the Federal Employers' Liability Act ("FELA") based on allegations of racial and sexual discrimination and harassment. She alleged that Amtrak negligently permitted racial and sexual harassment to occur. *Griggs*, 900 F.2d at 75.

The Sixth Circuit affirmed summary judgment for the defendant, noting first that racial or sexual harassment that creates a hostile work environment is actionable under Title VII. The complaint in that case pleaded very generally that the racial and sexual harassment the plaintiff experienced arose from the defendant's negligence, and the record revealed little more. Despite the unsettled (at that time) standard for employer liability for "this genre of case under Title VII," the court found it "nonetheless evident that the facts alleged by the plaintiff are those of which Title VII claims are made" and that the plaintiff's "belated" claim of negligence on the part of Amtrak did not "serve to take her claim out of the confines of Title VII." *Id.*

The court went on to consider whether the claims were cognizable under FELA, a statutory scheme "designed . . . to protect railway workers in federal court from common law torts." *Id.* Sexual and racial harassment and discrimination, the court noted, are not common law torts. *Id.* The court concluded that permitting a claimant to pursue such claims under FELA "would permit evasion of the detailed and specific enforcement scheme created by Title VII to vindicate statutorily proscribed employment discrimination." *Id.* The plaintiff in that case had not invoked Title VII, had not pursued the exhaustion procedures required by Title VII, and had filed suit outside the time limits for doing so. The court nonetheless found that FELA could not be read to "provide a remedy for racial and sexual harassment when Congress has provided that remedy in Title VII." *Id.* at 77.

Because the Jones Act expressly incorporates FELA by reference, *see* 46 U.S.C. § 30104(a), cases interpreting FELA govern Jones Act cases. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) (recognizing that Congress "incorporate[ed] FELA unaltered into the Jones Act"); *Schlueter v. Ingram Barge Co.*, 417 F. Supp. 3d 990, 992 (M.D. Tenn. 2019) (Trauger, J.). The holding in *Griggs*, therefore, would also govern the analysis of Jones Act claims.

The question of whether and to what extent the Jones Act (or FELA) preempts Title VII claims has not been much considered since *Griggs*. In *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260 (5th Cir. 1991), the plaintiff brought both Title VII claims and Jones Act claims based on a sexually hostile work environment. Her claims were premised on allegations of tortious physical contact and physical injury as well. *See id.* at 266 n.8. *Griggs* was issued while the appeal was pending in *Wilson*. The Fifth Circuit considered its impact and accepted the proposition, espoused by *Griggs*, that "the Jones Act does not cover conduct that is wrongful only by virtue of the provisions of Title VII." *Id.* at 265. At the same time, however, the court found *Griggs*

"inapposite," because the plaintiff in *Wilson* alleged "more than conduct which is wrongful only because it was motivated by a bias against the victim because of her sex." *Id.* Rather, as the court explained,

> Wilson's evidence tended to show harassment, both physical and otherwise, resulting in physical and emotional injury. There is evidence indicating that she suffered physical manifestations of harm, including weight loss, vomiting, and diarrhea. In addition, Wilson testified to incidents of unwanted physical contact instigated by her male co-workers, contact which in some instances amounted to a common-law battery. Such conduct could be found wrongful even if Title VII had never been enacted and without regard to concepts of sex discrimination. These assertions of tortious physical contact and significant physical injury are sufficient to create a claim for harassment, which this Circuit has recognized as cognizable under the Jones Act.

*Id.* at 265–66 (citing *Hagerty v. L&L Marine Servs., Inc.*, 788 F.2d 315, 318 (5th Cir.) *modified*, 797 F.2d 256 (1986)).[1]

Similarly, in *Scott v. CSX Transportation, Inc.*, No. 0:04-CV-178-HRW, 2005 WL 8165044 (E.D. Ky. Dec. 12, 2005), which Ingram cites in support of its motion, the plaintiff brought claims under FELA and Title VII, and the defendant moved to dismiss the FELA claims as preempted. The plaintiff alleged that "abuse from co-workers and negligent acts and inaction by supervisors caused him to suffer severe and permanent psychological, mental, emotional, and physical injuries." *Id.* at *1. Much of the abuse was in the form of sexual harassment and innuendo, but, initially at least, there was no inappropriate touching or physical conduct. Later, the conduct escalated. The plaintiff testified that his co-worker grabbed his face shield and jerked his head and made additional inappropriate comments, this time in public. *Id.* After that, the plaintiff complained about his co-worker's behavior. The co-worker's behavior stopped, but other co-

---

[1] In *Hagerty*, the Fifth Circuit collected cases standing for the proposition that "[c]ourts have long allowed plaintiffs to recover for psychic and emotional harm" under the FELA and the Jones Act, including claims for "purely emotional injury resulting from employer's negligent and intentional harassment, threats, and intimidation."

workers then shunned and humiliated him, ultimately leading to a nervous breakdown and permanent psychological and physical damages. While the court found that, if the claims had been based entirely on sexual harassment, "there [would have been] no doubt that a FELA action could not be brought," it nonetheless rejected as "specious" the defendant's "characterization of this claim as 'entirely' based on sexual harassment." *Id.* at *4. Although there were "aspects of the harassment that [were] sexual in nature," for the most part, the claims were "of a more general nature and not motivated simply on account of Plaintiff's gender." *Id.* Specifically, the plaintiff himself testified to his belief that much of the conduct was not really "prurient" in nature but "intended to aggravate and embarrass him." *Id.* The court, therefore, found that the claim was not preempted by Title VII. *Accord Tressler v. Nat'l R.R. Passenger Corp.*, 819 F. Supp. 2d 1, 6 (D.D.C. 2011) (rejecting the defendant's argument that, based on *Griggs*, the plaintiff's FELA claim was preempted by Title VII, noting that "[t]he Plaintiff in *Griggs* made no allegations of physical harassment, and only alleged racial and sexual harassment as a basis for the discrimination claim she pursued under the FELA," whereas the plaintiff in *Tressler* "alleged numerous physical injuries as a basis for her FELA claim" as well as "physical manifestations of the stress caused by the hostile work environment caused by Defendant," such that the "FELA claims [were] not preempted by Title VII").

Aside from *Griggs* and *Scott*, the defendant here cites *Pakledinaz v. Consolidated Rail Corp.*, 737 F. Supp. 47 (E.D. Mich. 1990). The plaintiff there filed suit in state court asserting a claim under FELA, in support of which she alleged only that she had been "denied promotions and better job positions" by the defendant because of her status as an Hispanic woman. *Id.* at 47. The defendant removed the case based on diversity jurisdiction, asserting that the amount in controversy exceeded the jurisdictional amount (then $50,000) and that, because the complaint

failed to state a claim under FELA, it was removable.[2] Because the requisite amount in controversy was met, the court determined that the complaint would be nonremovable only if it actually stated a colorable claim under FELA. The court found that it did not, because, even though the complaint "include[d] the necessary elements" of a FELA claim, "the *type* of injury asserted by Pakledinaz is not the type of injury that FELA was intended to address." *Id.* (citing *Griggs*, 900 F.2d at 75). "Because there was no tort of discrimination at common law, . . . [the defendant] cannot be held liable *under the FELA* for the alleged discrimination." *Id.* at 49. Because the complaint failed to state a colorable claim under FELA, the court concluded that removal was proper.[3] *Id.*

The facts of this case are more akin to those in *Wilson*, *Tressler*, and *Scott*—which the defendant cites and attempts to distinguish—than either *Griggs* or *Pakledinaz*. Unlike the plaintiffs in the two latter cases (and more like the plaintiffs in the first three), the plaintiff here alleges independent torts actionable at common law, including assault and battery—in other words, conduct that is *not* "wrongful only by virtue of the provisions of Title VII." *Wilson*, 939 F.3d at 265. In addition, she alleges that she suffers mental and emotional injuries and that she was within the "zone of danger" and feared for her own personal safety, as required to recover for emotional injury under the Jones Act. *See Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994); *Lukowski v. CSX Transp., Inc.*, 416 F.3d 478, 484 (6th Cir. 2005). In short, the court finds that, because the plaintiff's allegations independently state a claim for relief under the Jones Act, based on common law torts, and describe damages of the type permitted by the Jones Act, this case is not governed by *Griggs*, and the Jones Act claims are not preempted by Title VII.

---

[2] 28 U.S.C. § 1445 expressly provides that FELA actions are not removable to federal court.

[3] The court did not actually reach the question of whether the complaint stated a claim under Title VII, instead simply finding that it had diversity jurisdiction.

Likewise, because the only basis asserted for dismissal of the general maritime claim is that "damages not compensable under the Jones Act [are] likewise not compensable under a theory of unseaworthiness" (Doc. No. 22-1, at 9 (citing *Szymanski v. Columbia Transp. Co.*, 154 F.3d 591, 596 (6th Cir. 1998))), that portion of the motion seeking dismissal of the claim for breach of warranty of seaworthiness will also be denied.

## IV. CONCLUSION

For the reasons set forth herein, the defendant's motion will be denied in its entirety. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge